FILED
2026 Mar-31  PM 02:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| EVANN HERRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00871-MHH-HNJ |
| | ) | |
| B.D. WALKER, | ) | |
| *Warden, FCI Talladega* | ) | |
| | ) | |
| Respondent. | ) | |

### <u>MEMORANDUM OPINION</u>

Evann Herrell filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the Federal Bureau of Prison's calculation of credits toward his sentence.  Mr. Herrell contends that he should receive credit for time spent in home incarceration before he was sentenced, and he argues that the BOP has not calculated his earned time credits under the First Step Act properly.  (Docs. 1, 4).  On January 12, 2026, the Magistrate Judge entered a report in which he recommended that the Court deny Mr. Herrell's petition and dismiss with prejudice Mr. Herrell's claims against the Federal Bureau of Prisons.  (Doc. 12).  Mr. Herrell has objected to the Magistrate Judge's report.  (Docs. 13, 14).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district judge must "make a *de novo* determination of those portions of the

[magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673 (1980) (quoting § 636(b)(1)); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give fresh consideration to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)).

Mr. Herrell argues the Magistrate Judge erred when he applied *Reno v. Koray*, 515 U.S. 50 (1995), "to mandatory post-conviction detention under § 3143(a)(2)." (Doc. 13, p. 2). Here, 18 U.S.C. § 3585(b) governs the time that Mr. Herrell spent in home detention awaiting sentencing. In *Reno*, the Supreme Court held that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility'" and "subject to BOP's control." *Reno*, 515 U.S. at 52–53, 58 (finding that a defendant who was placed in a community treatment program and was prohibited from leaving the facility unless he was "'accompanied' by a Government special agent" was not entitled to credit toward his prison sentence for the time spent in the facility because

2

the treatment program did not constitute official detention under § 3585(b)); (*see also* Doc. 12, p. 13).

The record demonstrates that, like the defendant in *Reno*, Mr. Herrell was not subject to the BOP's control during his home confinement.  *See Reno*, 515 U.S. at 58, 63.   Therefore, Mr. Herrell is not entitled to credit toward his prison sentence for the time he spent in home detention.  The Court overrules Mr. Herrell's objection on this ground.

Mr. Herrell also argues that the Magistrate Judge erred "in accepting BOP's FSA calculation without independent mathematical review."  (Doc. 13, pp. 5–8). Mr. Herrell must "establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation."  *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008).  Mr. Herrell has not alleged facts to demonstrate that the BOP miscalculated his FSA credits.

In his petition, Mr. Herrell argues that on February 1, 2025, when he became eligible to earn an additional five days of FSA credit, for a total of 15 days, for every 30 days of programming or productive activities, the BOP should have retroactively awarded the additional five days to the period in which he earned ten days from July 8, 2024, through February 1, 2025.  (Docs. 13, 14).  As the Magistrate Judge explained:

The statutory text of the FSA requires a prisoner maintain a minimum

3

or low recidivism risk while not increasing his risk of recidivism over two consecutive PATTERN assessments prior to earning 15 days of credit for every 30 days of programming. 18 U.S.C. § 3632(d)(4)(A). The BOP properly began awarding Herrell 15 days of credit on February 1, 2025, the date of his third PATTERN assessment. The FSA does not provide for retroactive application of the 15 days of credit. *See* 18 U.S.C. § 3632(d)(4)(A). Herrell failed to demonstrate he stands entitled to additional FSA credits.

(Doc. 12, pp. 17–18). The Court agrees with the Magistrate Judge's interpretation of § 3632(d)(4)(A). Therefore, the Court overrules Mr. Herrell's objection on this ground.

Mr. Herrell's remaining arguments concern the BOP director's statements regarding alleged flaws in the BOP's "calculation systems." These arguments are matters that Mr. Herrell should address directly with the BOP. Mr. Herrell must identify errors in his credit calculations and ask the BOP to correct those specific errors. Should Mr. Herrell file a habeas petition regarding alleged miscalculations of credit because of flaws in the BOP's calculations systems, he must provide information about specific errors in his record in his petition. *See Blankenship*, 542 F.3d at 1270.

Accordingly, the Court overrules Mr. Herrell's objections, adopts the Magistrate Judge's report, and accepts his recommendation. The Court denies Mr. Herrell's § 2241 habeas petition. By separate order, the Court will dismiss this matter.

**DONE** and **ORDERED** this March 31, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE